```
                           United States Bankruptcy Court
                           Middle District of Pennsylvania
In re:                                                                             Case No. 19-02953-HWV
Joseph Thomas Konupka, III                                                         Chapter 13
         Debtor              CERTIFICATE OF NOTICE
District/off: 0314-1          User: CKovach               Page 1 of 2                  Date Rcvd: Sep 17, 2019
                              Form ID: pdf002             Total Noticed: 48
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 19, 2019.

```
db              +Joseph Thomas Konupka, III,   407 Wiconisco Street,    Harrisburg, PA 17110-2022
5220769         +AAA DEBT REC,   PO BOX 129,    MONROEVILLE, PA 15146-0129
5220770         +AES/SUNTRUST,   PO BOX 2461,    HARRISBURG, PA 17105-2461
5220771          BUREAU OF ACCOUNT MGMT,   3607 ROSEMONT AVE STE 502,    PO BOX 8875,    CAMP HILL, PA 17001-8875
5220772         +CAINE & WEINER,   1699 E WOODFIELD ROAD,    SCHAUMBURG, IL 60173-4935
5220774          CCB/BOSCOV,    BANKRUPTCY NOTICES,    PO BOX 183043,    COLUMBUS, OH 43218-3043
5220777          COMMONWEALTH OF PA,    DEPARTMENT OF REVENUE,    BUREAU OF INDIVIDUAL TAXES,    DEPT 280432,
                  HARRISBURG, PA 17128-0432
5220779         +CRESCENT MORTGAGE COMPANY,   6600 PEACHTREE DUNWOOD RD NE,    600 EMBASSY ROW SUITE 650,
                  ATLANTA, GA 30328-1638
5220780         +CRESCENT MORTGAGE COMPANY,   425 PHILLIPS BLVD,    EWING, NJ 08618-1430
5231614         +ECMC,   PO BOX 16408,    St Paul, MN 55116-0408
5220781          ECMC   BK NOTICES,   111 WASHINGTON AVE S, STE 1400,    MINNEAPOLIS, MN 55401-6800
5220782         +FIRST PREMIER BANK,   3820 N LOUISE AVENUE,    SIOUX FALLS SD 57107-0145
5229837         +First National Bank of Pennsylvania,   c/o AAS Debt Recovery Inc,
                  2526 Monroeville Blvd Suite 205,    Monroeville, PA 15146-2371
5220785         +KML LAW GROUP PC,   SUITE 5000 - BNY INDEPENDENCE CENTER,    701 MARKET STREET,
                  PHILADELPHIA, PA 19106-1538
5220786         +LEON P HALLER, ESQUIRE,    PURCELL, KRUG & HALLER,    1719 N FRONT STREET,
                  HARRISBURG, PA 17102-2392
5220788         +MEAGAN HARTRY,   407 WICONISCO STREET,    HARRISBURG, PA 17110-2022
5220789         +MS HERSHEY MEDICAL CENTER,   PATIENT FINANCIAL SERVICES,    PO BOX 853 MC-A410,
                  HERSHEY, PA 17033-0853
5220790          MSHMC PHYSICIANS GROUP,    BILLING SERVICES,    PO BOX 854,    HERSHEY, PA 17033-0854
5220791          PHFA (CORRESPONDENCE),    211 N FRONT STREET,    PO BOX 15530,    HARRISBURG, PA 17105-5530
5220792         +PINNACLE CREDIT SERVICES,   C/O CREDITORS BANKRUPTCY SVC,    PO BOX 740933,
                  DALLAS TX 75374-0933
5220794         +PROGRESSIVE INSURANCE,   5165 CHAMPUS DR, STE 100,    PLYMOUTH MEETING, PA 19462-1639
5220798          TEMPLE UNIVERSITY,    PO BOX 828799,    PHILADELPHIA, PA 19182-8799
5220799         +TORRES CREDIT SERVICES,   27 FAIRVIEW ST,    PO BOX 189,    CARLISLE, PA 17013-0189
5220800        ++UGI UTILITIES INC,    ATTN CREDIT & COLLECTIONS,    P O BOX 13009,    READING PA 19612-3009
                 (address filed with court:    UGI CORP,    225 MORGANTOWN RD,    READING, PA 19611)
5220801         +UNEMP COMP OVERPAYMENT MATTERS,    DEPT OF L&I - OFFICE OF CHIEF COUNSEL,
                  651 BOAS STREET 10TH FLOOR,    HARRISBURG, PA 17121-0751
5220802         +UNEMPL COMP TAX MATTERS,    HARRISBURG CASES L&I OFF CHIEF COUNSEL,    651 BOAS STREET 10TH FLOOR,
                  HARRISBURG, PA 17121-0751
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.

```
cr              +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Sep 17 2019 19:08:00
                  PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
5220773         +E-mail/Text: bankruptcy@cavps.com Sep 17 2019 19:10:52     CAVALRY PORTFOLIO SERVICES LLC (p),
                  500 SUMMIT LAKE DR, STE 400,    VALHALLA, NY 10595-2322
5220775         +E-mail/Text: dehartstaff@pamd13trustee.com Sep 17 2019 19:10:53     CHARLES J DEHART, III, ESQ.,
                  8125 ADAMS DRIVE STE A,    HUMMELSTOWN PA 17036-8625
5220776          E-mail/Text: RVSVCBICNOTICE1@state.pa.us Sep 17 2019 19:10:45     COMM OF PA DEPT OF REVENUE,
                  BUREAU OF COMPLIANCE,    PO BOX 280946,    HARRISBURG, PA 17128-0946
5220778          E-mail/PDF: creditonebknotifications@resurgent.com Sep 17 2019 19:07:49     CREDITONE BANK,
                  CUSTOMER BILLING AND CORRESPONDENCE,    PO BOX 98873,    LAS VEGAS, NV 89193-8873
5221879         +E-mail/Text: bankruptcy@cavps.com Sep 17 2019 19:10:52     Cavalry SPV I, LLC,
                  500 Summit Lake Drive, Ste 400,    Valhalla, NY 10595-2321
5220783          E-mail/Text: cio.bncmail@irs.gov Sep 17 2019 19:10:35     INTERNAL REVENUE SERVICE - CIO,
                  PO BOX 7346,    PHILADELPHIA, PA 19101-7346
5220784          E-mail/Text: JCAP_BNC_Notices@jcap.com Sep 17 2019 19:10:50     JEFFCAPSYS,    16 MCLELAND RD,
                  SAINT CLOUD, MN 56303
5220787         +E-mail/PDF: resurgentbknotifications@resurgent.com Sep 17 2019 19:07:50     LVNV FUNDING LLC,
                  BK NOTICES,    55 BEATTIE PL STE 110 MS576,    GREENVILLE, SC 29601-2165
5224203          E-mail/PDF: resurgentbknotifications@resurgent.com Sep 17 2019 19:07:49     LVNV Funding, LLC,
                  Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
5220793          E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Sep 17 2019 19:08:00
                  PORTFOLIO RECOVERY ASSOCIATES LLC,    BK NOTICES,    PO BOX 41067,    NORFOLK, VA 23541
5246256          E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Sep 17 2019 19:08:12
                  Portfolio Recovery Associates, LLC,    POB 12914,    Norfolk VA 23541
5225776          E-mail/Text: RVSVCBICNOTICE1@state.pa.us Sep 17 2019 19:10:45
                  Pennsylvania Department of Revenue,    Bankruptcy Division PO Box 280946,
                  Harrisburg, PA  17128-0946
5236977         +E-mail/Text: JCAP_BNC_Notices@jcap.com Sep 17 2019 19:10:50     Premier Bankcard, Llc,
                  Jefferson Capital Systems LLC Assignee,    Po Box 7999,    Saint Cloud Mn 56302-7999
5220795          E-mail/Text: bnc-quantum@quantum3group.com Sep 17 2019 19:10:42
                  QUANTUM3 GROUP LLC as Agent for,    COMENITY CAPITAL BANK,    PO BOX 788,
                  KIRKLAND, WA 98083-0788
5223362          E-mail/Text: bnc-quantum@quantum3group.com Sep 17 2019 19:10:42
                  Quantum3 Group LLC as agent for,    MOMA Trust LLC,    PO Box 788,    Kirkland, WA  98083-0788
```

```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center
(continued)
5223359          E-mail/Text: bnc-quantum@quantum3group.com Sep 17 2019 19:10:42
                   Quantum3 Group LLC as agent for,    Sadino Funding LLC,    PO Box 788,
                   Kirkland, WA  98083-0788
5220796         +E-mail/PDF: resurgentbknotifications@resurgent.com Sep 17 2019 19:08:02
                   RESURGENT CAPITAL SERVICES,    55 BEATTIE PLACE #110,    GREENVILLE, SC 29601-5115
5220797          E-mail/PDF: gecsedi@recoverycorp.com Sep 17 2019 19:07:47       SYNCB/HHGREG,    PO BOX 965061,
                   ORLANDO, FL 32896-5061
5221392         +E-mail/PDF: gecsedi@recoverycorp.com Sep 17 2019 19:07:47       Synchrony Bank,
                   c/o PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
5220803          E-mail/Text: wfmelectronicbankruptcynotifications@verizonwireless.com Sep 17 2019 19:10:31
                   VERIZON WIRELESS,    500 TECHNOLOGY DR, STE 550,    SAINT CHARLES, MO 63304-2225
5220804         +E-mail/Text: bnc-bluestem@quantum3group.com Sep 17 2019 19:10:54       WEBBNK/FHUT,
                   6250 RIDGEWOOD ROAD,    SAINT CLOUD, MN 56303-0820
                                                                                               TOTAL: 22

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 19, 2019                                  Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on September 17, 2019 at the address(es) listed below:
          Charles J DeHart, III (Trustee)    TWecf@pamd13trustee.com
          Dorothy L Mott    on behalf of Debtor 1 Joseph Thomas Konupka, III DorieMott@aol.com,
           KaraGendronECF@gmail.com;mottgendronecf@gmail.com;bethsnyderecf@gmail.com
          James Warmbrodt    on behalf of Creditor    Crescent Mortgage Company bkgroup@kmllawgroup.com
          Kara Katherine Gendron    on behalf of Debtor 1 Joseph Thomas Konupka, III
           karagendronecf@gmail.com,    doriemott@aol.com;mottgendronecf@gmail.com;bethsnyderecf@gmail.com
          United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                               TOTAL: 5
```

LOCAL BANKRUPTCY FORM 3015-1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| IN RE: | : | CHAPTER 13 |
|---|---|---|
| JOSEPH THOMAS KONUPKA, III | : | |
| | : | CASE NO. 1:19-bk-02953 |
| aka Joseph Thomas Konupka | : | |
| | : | ☒ ORIGINAL PLAN |
| | : | |
| Debtor | : | ☐ AMENDED PLAN (indicate 1ST, 2ND, 3RD, etc.) |
| | : | |
| | : | ☐ 0 Number of Motions to Avoid Liens |
| | : | |
| | : | ☒ 1 Number of Motions to Value Collateral |

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☒ Included | ☐ Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☒ 1 Included | ☐ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ 0 Included | ☒ Not Included |

**YOUR RIGHTS WILL BE AFFECTED**

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

**1. PLAN FUNDING AND LENGTH OF PLAN.**

   A. **Plan Payments From Future Income**
     1. To date, the Debtor paid $ (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $40,000.80, plus other payments and property stated in § 1B below:

| Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 08/2019 | 07/2020 | $300.00 x 12 months | $ |  | $3,600.00 |
| 08/2020 | 07/2024 | $758.35 x 48 months | $ |  | $36,400.80 |
|  |  | $ | $ |  | $ |
|  |  | $ | $ |  | $ |
|  |  | $ | $ |  | $ |
|  |  |  |  | Total Payments | $40,000.80 |

     2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.
     3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.
     4. CHECK ONE: ☒ Debtor is at or under median income. If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.
     ☐ Debtor is over median income. Debtor calculates that a minimum of $0 must be paid to allowed unsecured creditors in order to comply with the Means Test.

   B. **Additional Plan Funding From Liquidation of Assets/Other**
     1. The Debtor estimates that the liquidation value of this estate is $0. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

Check one of the following two lines.
☒ No assets will be liquidated. If this line is checked, the rest of § 1.B need not be completed or reproduced.
☐ Certain assets will be liquidated as follows:
     2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $ from the sale of property known and designated as _____ _____. All sales shall be completed by _____, 20____. If the property does not sell by the date specified, then the disposition of the property shall be as follows: _____.
     3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows:

## 2. SECURED CLAIMS

### A. Pre-Confirmation Distributions. *Check one*.

☒ None. If "None" is checked, the rest of § 2.A need not be completed or reproduced.

☐ Adequate protection and conduit payments in the following amounts will be paid by the debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
| **NONE** | | $ |

    1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.
    2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

### B. Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor. *Check one*.

☐ None. If "None" is checked, the rest of § 2.B need not be completed or reproduced. \

☒ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| CRESCENT MORTGAGE COMPANY | 407 Wiconisco Street, Harrisburg, PA | |

### C. Arrears (Including, but not limited to, claims secured by Debtor's principal residence). *Check one.*

☐ None. If "None" is checked, the rest of § 2.C need not be completed or reproduced.

☒ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed proof of claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| | | | | |

| CRESCENT MORTGAGE COMPANY | 407 Wiconisco Street, Harrisburg, PA | Per allowed proof of claim $32,500.00 estimated | | Per allowed proof of claim |
|---|---|---|---|---|

**D. Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**
☒ None. If "None" is checked, the rest of § 2.D need not be completed or reproduced.

☐ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| **NONE** | | $0.00 | | |

**E. Secured claims for which a § 506 valuation is applicable**. *Check one*.
☐ None. If "None" is checked, the rest of § 2.E need not be completed or reproduced.

☒ Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under § 1328 of the Code. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary action or other action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan or Adversary Action |
|---|---|---|---|---|---|
| | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| PHFA | 407 Wiconisco Street, Harrisburg, PA | $0.00 | | $0 | Strip Off by motion |

**F. Surrender of Collateral**. *Check one.*
☑ None. If "None" is checked, the rest of § 2.F need not be completed or reproduced.

☐ The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor requests that upon confirmation of this plan or upon approval of any modified plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| **NONE** | |

**G. Lien Avoidance. Do not use for mortgages or for statutory liens, such as tax liens**. *Check one.*
☑ None. If "None" is checked, the rest of § 2.G need not be completed or reproduced.

☐ The Debtor moves to avoid the following judicial and/or nonpossessory, nonpurchase money liens of the following creditors pursuant to § 522(f) (this § should not be used for statutory or consensual liens such as mortgages).

### 3. PRIORITY CLAIMS.
  A. **Administrative Claims**

     1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.
     2. <u>Attorney's fees</u>. Complete only one of the following options:
        a. In addition to the retainer of $0.00 already paid by the Debtor, the amount of $4,000.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or
        b. $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

     3. <u>Other</u>. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*
☑ None. If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.

☐ The following administrative claims will be paid in full

| Name of Creditor | Estimated Total Payment |
|---|---|
| **NONE** | |

  B. **Priority Claims (including, certain Domestic Support Obligations**
     Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|

| | |
|---|---|
| **COMMONWEALTH OF PA** | **$42.00** |

    **C. Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*
        ☒  If "None" is checked, the rest of § 3.C need not be completed or reproduced.

    ☐  The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This plan provision requires that payments in § 1.A. be for a term of 60 months (see 11 U.S.C. §1322(a)(4)).*

| Name of Creditor | Estimated Total Payment |
|---|---|
| **NONE** | |

**4. UNSECURED CLAIMS**
    A. **Claims of Unsecured Nonpriority Creditors Specially Classified**. *Check one of the following two lines.*
    ☒  None. If "None" is checked, the rest of § 4.A need not be completed or reproduced.

☐  To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other, unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the proof of claim shall apply

| Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
|---|---|---|---|---|
| **NONE** | | | | |

    B.    All remaining allowed unsecured claims shall receive a pro-rata distribution of any funds remaining after payment of the other classes.

**5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES**. *Check one of the following two lines.*
    ☒  None. If "None" is checked, the rest of § 5 need not be completed or reproduced.

☐  The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

| Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume/ Reject |
|---|---|---|---|---|---|---|
| **NONE** | | $ | | | | |

**6. VESTING OF PROPERTY OF THE ESTATE.**
**Property of the estate will vest in the Debtor upon**
*Check the applicable line:*
☐ plan confirmation.
☐ entry of discharge.
☒ closing of case:

**7. DISCHARGE**: (Check one)

☒ The debtor will seek a discharge pursuant to § 1328(a).
☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

**8. ORDER OF DISTRIBUTION**:
If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.
Payments from the plan will be made by the Trustee in the following order:
Level 1:     Adequate protection payments.
Level 2:     Debtor's attorney's fees.
Level 3:     Domestic Support Obligations.
Level 4:     Secured claims, pro rata.
Level 5:     Priority claims, pro rata.
Level 6:     Specially classified unsecured claims.
Level 7:     General unsecured claims.
Level 8:     Untimely filed unsecured claims to which the debtor has not objected.

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.*

**9. NONSTANDARD PLAN PROVISIONS**
**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**
   (1)  Claim amounts:  The amounts of the claims listed in the plan and schedules are estimated amounts and are not admissions by the Debtors as to the amount(s) owed.
   (2)  Property surrendered under Section 2 F. shall be surrendered in full satisfaction of creditors' claims.
   (3)  Lien Releases.
       (a) Personal Property:  Upon the satisfaction, completion of cramdown payment, or other discharge of a security interest in a motor vehicle, mobile home, or in any other personal property of this estate in bankruptcy for which ownership is evidenced by a certificate of title, the secured party shall within thirty (30) days after the entry of the discharge order or demand  execute a release of its security interest on the said title or certificate, and mail or deliver the certificate or title and release to the Debtor or to the attorney for the Debtor.  Confirmation of this plan shall impose an affirmative and direct duty on each such secured party to comply with this provision.
       (b)  Real Property:  Upon the, completion of cramdown payment, strip off, or other discharge of a security interest in real property, the secured party shall within sixty (60) days after the entry of the discharge order file a satisfaction piece or release of its security interest in the office of the Recorder of Deeds for the county in which the real estate is located. Confirmation of this plan shall impose an affirmative and direct duty on each such secured party to comply with this provision.
   (4) Confirmation of this Plan shall not bar the Debtor from:
       (a) filing objections to any claims;
       (b) amending his schedules to add a creditor who was omitted from his schedules and to amend this Plan to provide for the treatment of such creditor or any other creditor who failed to timely file a proof of claim;
       (c) seeking to avoid a lien under Section 522 of the Code or seeking the determination of the extent, validity and/or priority of any liens;
       (d) seeking a determination as to the dischargeability of any debt; or

(e) selling any asset of his free and clear of liens and encumbrances.

.

/s/ Dorothy L. Mott, /s/ Kara K. Gendron
_____
Dorothy L. Mott, Kara K. Gendron
Attorneys for Debtor(s)


 /s/  Joseph Thomas Konupka, III
                Debtor


By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9